14 pgs

RECEIPT NUMBER
504134

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

AKHTAR, SUCHER & EBEL
ATTORNEYS AND COUNSELORS AT LAW
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
91 EAST MAPLE • TROY, MICHIGAN 48083
(248) 528-0863 • FAX (248) 528-0865

**HARSHARAN SINGH,**

Plaintiff,

v

**BEST BUY STORES, L.P.,** a foreign corporation, **MARK TROSCLAIR, AARON SIMPSON** and **JASON YAKOWICH,** Jointly and Severally,

Defendants.

04-40074

Case No: 04-
PAUL V. GADOLA
Hon:
MAGISTRATE JUDGE CAPEL

FILED
'04 MAR -9 A10 23
U.S. DIST. COURT CLERK
EAST. DIST. MICH.
DETROIT-PSG

AKHTAR, WEBB & EBEL
BY: **JAMIL AKHTAR (P38597)**
Attorney for Plaintiff
91 E. Maple Road
Troy, MI 48083
(248) 528-0863

## VERIFIED COMPLAINT & JURY DEMAND

NOW COMES Plaintiff, **HARSHARAN SINGH**, by and through his attorneys, AKHTAR, WEBB & EBEL, and for his Complaint against Defendants, **BEST BUY STORES, L.P., MARK TROSCLAIR, AARON SIMPSON** and **JASON YAKOWICH**, jointly and severally, states as follows:

AKHTAR, SUCHER & EBEL
ATTORNEYS AND COUNSELORS AT LAW
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
91 EAST MAPLE • TROY, MICHIGAN 48083
(248) 528-0863 • FAX (248) 528-0865

## COMMON ALLEGATIONS

1. At all times relevant to his Complaint, Plaintiff, **HARSHARAN SINGH** (hereinafter "Plaintiff") was an employee of Defendant, **BEST BUY STORES, L.P.**, working at its Dearborn, Michigan and Southfield, Michigan retail stores.

2. At all times relevant to this Complaint, Defendant, **BEST BUY STORES, L.P.** (hereinafter "Defendant Corporation"), was Plaintiff's employer and the employer of Defendants, **MARC TROSCLAIR, AARON SIMPSON** and **JASON YAKOWICH.**

3. At all times relevant to this Complaint, and while Plaintiff was employed at Defendant Corporation's Dearborn, Michigan store, Defendant, **MARK TROSCLAIR** (hereinafter "Defendant Trosclair") was the Dearborn store general manager.

4. At all times relevant to this Complaint, and while Plaintiff was employed at Defendant Corporation's Dearborn, Michigan store, Defendant, **AARON SIMPSON** (hereinafter "Defendant Simpson") was the sales manager at Defendant Corporation's Dearborn, Michigan store.

5. At all times relevant to his Complaint, and while Plaintiff was employed at Defendant Corporation's Dearborn, Michigan store, Plaintiff's direct supervisor was Defendant, **JASON YAKOWICH** (hereinafter "Defendant Yakowich").

6. Plaintiff began his employment with Defendant Corporation in the fall of 1999 at the Dearborn, Michigan store in its computer department on a part-time basis.

7. In the spring of 2002, Plaintiff was transferred to the appliance department because he requested more hours than were available in the computer department.

8. Plaintiff worked in the appliance and loss prevention departments while he trained for the position of mobile installation bay in order to increase his hours. This training took place during the spring and summer of 2001.

9. In the fall of 2001, Plaintiff was officially transferred to the install bay as a part-time installer and took the MECP basic examination at Defendant Corporation's corporate offices in Livonia, Michigan.

10. In early-2002, Plaintiff was advised by Defendant Yakowich, Defendant Trosclair and Defendant Simpson that he did not pass the MECP basic examination and therefore, Plaintiff was not eligible for pay increase consideration; this was not true because the named Defendants did have knowledge that Plaintiff did, in fact, pass the MECP examination.

11. In the fall of 2002, Plaintiff worked on a part-time basis and requested that Defendant Yakowich and Defendant Simpson make him a full-time employee, which would provide Plaintiff with health insurance and retirement benefits, but was denied full-time status by Defendants.

12. In December of 2002, Plaintiff once again requested that he be granted a full-time position at Defendant Corporation's Dearborn, Michigan location and was granted said request. Plaintiff received only a $0.19 per hour raise upon being granted full-time status. Defendants refused to take into account that Plaintiff had a bachelor of science degree.

AKHTAR, SUCHER & EBEL
ATTORNEYS AND COUNSELORS AT LAW
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
91 EAST MAPLE • TROY, MICHIGAN 48083
(248) 528-0863 • FAX (248) 528-0865

AKHTAR, SUCHER & EBEL
ATTORNEYS AND COUNSELORS AT LAW
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
91 EAST MAPLE • TROY, MICHIGAN 48083
(248) 528-0863 • FAX (248) 528-0865

13. In the late-fall of 2002, Plaintiff was approached by Mr. Ty Blanchett, who replaced Defendant Troclair as Dearborn store general manager, and was promised a 12-15% pay increase and back-pay if he would agree to work 60-80 hours per week over the Christmas time period.

14. In the first part of 2003, Plaintiff received his performance review and was told by Mr. Blanchett and Defendant Yakowich that the reason he had not received a higher evaluation was because he did not receive a passing score on his MECP basic examination the year before.

15. Plaintiff complained to Mr. Blanchett and Defendant Yakowich that he was entitled to a higher pay increase than the $0.19 per hour, based upon the fact that he was doing the same work as an installer who had the MECP certification.

16. In February or March of 2003, Plaintiff started preparing for the MECP basic examination for the second time, contacted MECP to find out how he could prepare for the examination and was advised by the MECP representative that he had already passed the examination and that representatives of Defendant received the results via U.S. Mail.

17. A position opened for senior installer at the Dearborn location, Plaintiff requested the position and was denied the promotion due to his lack of MECP certification. The position was given to Mr. Charles Sarazin, a white male.

18. Because of the fact that Plaintiff was unable to be promoted, he requested a transfer to a senior installer position at Defendant Corporation's Southfield, Michigan store. Plaintiff was interviewed by Mr. Greg Horwack, the store general

AKHTAR, SUCHER & EBEL
ATTORNEYS AND COUNSELORS AT LAW
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
91 EAST MAPLE • TROY, MICHIGAN 48083
(248) 528-0863 • FAX (248) 528-0865

manager, and was offered the senior installer position at a rate of $14.50 per hour, and he had to promise that he would have the MECP certificate within a specified time.

19. When Plaintiff received his first paycheck, he was only paid $11.84 per hour and he immediately terminated his employment Defendant Corporation in June of 2003.

20. Jurisdiction on this Court and cause is founded upon the amount in controversy, that being in excess of Twenty-Five Thousand ($25,000) Dollars, exclusive of costs, interests and attorney fees.

**COUNT I –**

**VIOLATION OF TITLE VII**

**RE: NATIONAL ORIGIN DISCRIMINATION**

21. Plaintiff hereby incorporates the above-enumerated paragraphs to avoid repetition.

22. This is an action to enforce civil rights arising out of Plaintiff's employment relationship with Defendant Corporation, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

23. This Court has jurisdiction pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331 and §1343(4).

24. Plaintiff is a resident of the State of Michigan.

AKHTAR, SUCHER & EBEL
ATTORNEYS AND COUNSELORS AT LAW
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
91 EAST MAPLE • TROY, MICHIGAN 48083
(248) 528-0863 • FAX (248) 528-0865

25. Defendant is a corporation that maintains its principle place of business in Livonia, Michigan in the Eastern District of Michigan and is subject to the jurisdiction of this Court. The events giving rise to this cause of action occurred in the Eastern District of Michigan.

26. Plaintiff is an East Indian male and brings this cause of action under the national origin prohibited discriminatory acts provision of Title VII.

27. Throughout the course of his employment with Defendant Corporation, Plaintiff was treated differently from similarly-situated employees with respect to terms, conditions and benefits of employment.

28. Defendants' actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

29. If Plaintiff had not been an Asian Indian, he would not have been treated in the manner described herein.

30. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment and loss of professional reputation.

31. Based upon good faith information and belief, there are no minorities in high management positions at the store level of Defendant Corporation in the stores falling within the Eastern District of Michigan.

AKHTAR, SUCHER & EBEL
ATTORNEYS AND COUNSELORS AT LAW
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
91 EAST MAPLE • TROY, MICHIGAN 48083
(248) 528-0863 • FAX (248) 528-0865

32. Plaintiff timely filed a charge of national origin discrimination with the Equal Employment Opportunities Commission ("EEOC") and brings this action within ninety days of receiving his notice of right to sue.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants as follows:

1. Legal Relief

   A. A judgment for lost wages and benefits, past and future, in whatever amount he is found to be entitled;

   B. Compensatory damages in whatever amount he is found to be entitled;

   C. Punitive and exemplary damages commensurate with the wrong and Defendant's ability to pay;

   D. An award of interest, costs and reasonable attorney fees.

2. Equitable Relief

   A. An order reinstating Plaintiff to the position she would have held if there had been no discrimination and retaliation by Defendant;

   B. An injunction prohibiting any further acts of retaliation or discrimination;

   C. An award of interest, costs and reasonable attorney fees;

   D. Whatever other equitable relief appears appropriate at the time of trial.

AKHTAR, SUCHER & EBEL
ATTORNEYS AND COUNSELORS AT LAW
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
91 EAST MAPLE • TROY, MICHIGAN 48083
(248) 528-0863 • FAX (248) 528-0865

**COUNT II –**

**VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT**

**RE: NATIONAL ORIGIN DISCRIMINATION**

33. Plaintiff hereby incorporates the above-enumerated paragraphs to avoid repetition.

34. The public policy of the State of Michigan is that an employer shall not discriminate against an employee because of the employee's national origin.

35. Section 202 of the Elliott-Larsen Civil Rights Act, being MCLA 37.2202 ("ELCRA") sets forth the prohibited practices, forbidden or otherwise found to be unlawful, under the provisions of the ELCRA. Section 202 of the Act provides as follows:

> "Sec. 202. (1) an employer shall not do any of the following:
>
> (a) Fail or refuse to hire or recruit, discharge or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition or privilege of employment because of ...national origin...
>
> (b) Limit, segregate, or classify an employee or applicant for employment in a way that deprives or tends to deprive the employee or applicant of an employment opportunity, or otherwise adversely affects the status of an employee or applicant because of ...national origin..."

36. The acts of Defendants as above set forth constitute an act of unlawful discrimination based upon Plaintiff's national origin, that being an Asian Indian, in that non-Asian Indians with less qualifications than Plaintiff were granted higher salaries and promotions.

AKHTAR, SUCHER & EBEL
ATTORNEYS AND COUNSELORS AT LAW
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
91 EAST MAPLE • TROY, MICHIGAN 48083
(248) 528-0863 • FAX (248) 528-0865

37. As a direct result of Defendants' actions as above set forth, Plaintiff has suffered great embarrassment, humiliation and mortification and is entitled to just and appropriate compensation.

38. As a result of the acts as above set forth, Plaintiff has suffered great economic losses which include, but are not limited to, loss of salary, fringe benefits, pension benefits and those benefits included within Defendant Corporation's compensation plan.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants in any amount in excess of Seventy-Five Thousand ($75,000) Dollars, plus costs, interest and attorney fees.

**COUNT III –**

**CONSPIRACY IN VIOLATION**

**OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT**

39. Plaintiff hereby incorporates the above-enumerated paragraphs to avoid repetition.

40. Section 701 of the Act, being MCLA 37.2701, prohibits two or more persons from conspiring to deprive a person of his rights as secured under the ELCRA.

41. Section 701 provides as follows:

"Two or more persons shall not conspire to, or a person shall not:

...(c) attempt directly or indirectly to commit an act prohibited by this Act;...

...(f) coerce, intimidate, threaten, or interfere with a person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of any rights granted or protected by this Act.."

AKHTAR, SUCHER & EBEL
ATTORNEYS AND COUNSELORS AT LAW
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
91 EAST MAPLE • TROY, MICHIGAN 48083
(248) 528-0863 • FAX (248) 528-0865

42. Defendants Trosclair, Simpson and Yakowich did conspire to deprive Plaintiff of a promotional opportunity and/or higher pay when they falsely told Plaintiff that he did not pass the MECP examination and therefore, was not eligible for promotion and/or pay increases.

43. As a direct and proximate result of Defendants' conspiratorial acts as above set forth, Plaintiff was subjected to great humiliation, embarrassment and mortification and is entitled to just and appropriate compensation.

44. As a direct and proximate result of Defendants' conspiratorial acts as above set forth, Plaintiff is entitled to just economic compensation for the loss of wages, promotions, fringe benefits and other benefits to which he is otherwise entitled and listed in the Defendant Corporation's employee handbook.

WHEREFORE, Plaintiff demands judgment against Defendants in any amount in excess of Seventy-Five Thousand ($75,000) Dollars, plus costs, interest and attorney fees.

Respectfully submitted,

AKHTAR, WEBB & EBEL
**JAMIL AKHTAR (P38597)**
91 East Maple
Troy, MI 48083
(248) 528-0863

Dated: March 8, 2004

## VERIFICATION

I declare that the statements above are true to the best of my information, knowledge and belief.

Dated: March 8, 2004

HARSHARAN SINGH

AKHTAR, SUCHER & EBEL
ATTORNEYS AND COUNSELORS AT LAW
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
91 EAST MAPLE • TROY, MICHIGAN 48083
(248) 528-0863 • FAX (248) 528-0865

AKHTAR, SUCHER & EBEL
ATTORNEYS AND COUNSELORS AT LAW
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
91 EAST MAPLE • TROY, MICHIGAN 48083
(248) 528-0863 • FAX (248) 528-0865

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF MICHIGAN**

**SOUTHERN DIVISION**

**HARSHARAN SINGH,**

Plaintiff,

v

**BEST BUY STORES, L.P.,** a foreign corporation, **MARK TROSCLAIR, AARON SIMPSON** and **JASON YAKOWICH**, Jointly and Severally,

Defendants.

**04-40074**

Case No: 04-__________

Hon: PAUL V. GADOLA

MAGISTRATE JUDGE CAPEL

FILED
'04 MAR -9 A10:23
U.S. DIST. COURT CLERK
EAST. DIST. MICH.
DETROIT-PSG

AKHTAR, WEBB & EBEL
BY: **JAMIL AKHTAR (P38597)**
Attorney for Plaintiff
91 E. Maple Road
Troy, MI 48083
(248) 528-0863

## JURY DEMAND

Plaintiff hereby requests trial by jury.

Respectfully submitted,

[signature]

AKHTAR, WEBB & EBEL
**JAMIL AKHTAR (P38597)**
91 East Maple
Troy, MI 48083
(248) 528-0863

Dated: March 8, 2004

COUNTY IN WHICH ACTION AROSE: WAYNE

JS 44C (Rev. 12/84) 40074

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I. (a) PLAINTIFFS**

HARSHARAN SINGH

**DEFENDANTS**

BEST BUY STORES, L.P., a foreign corporation, MARK TROSCLAIR, AARON SIMPSON and JASON YAKOWICH, Jointly and Severally

04-40074

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF WAYNE 26163
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(C)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
JAMIL AKHTAR (P38597)
AKHTAR, WEBB & EBEL
91 E. Maple Road
Troy, MI 48083 (248) 528-0863

ATTORNEYS (IF KNOWN)

PAUL V. GADOLA

MAGISTRATE JUDGE CAPEL

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- XXX 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. §2000e, et. seq., Elliott-Larsen Civil Rights Act, MCLA 37.2202.

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY) 442

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- XX 442 Employment
- ☐ 443 Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence 28 USC 2255
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Food & Drug
- ☐ 630 Liquor Laws
- ☐ 640 R R & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC (405(g))
- ☐ 863 DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes
- ☐ 871 IRS Third Party 26 USC 7609
- ☐ 875 Customer Challenge 12 USC 3410

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

XX 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23 **DEMAND $** $300,000

*Check YES only if demanded in complaint:* **JURY DEMAND:** XX YES ☐ NO

**VIII. RELATED CASES(S) IF ANY** JUDGE DOCKET NUMBER

DATE 3/8/04 SIGNATURE OF ATTORNEY OF RECORD [signature]

UNITED STATES DISTRICT COURT

U.S. GOVERNMENT PRINTING OFFICE: 1985—805-296

## PURSUANT TO LOCAL COURT RULE 8 (c) (3) (I)

(a) IS THIS A CASE THAT HAS BEEN PREVIOUSLY DISCONTINUED OR DISMISSED WITHOUT PREJUDICE OR REMANDED TO A STATE COURT? ____ YES __X__ NO

(b) IF **YES** GIVE THE FOLLOWING INFORMATION:

COURT ____________________ CASE NO: ____________________

ASSIGNED JUDGE ____________________

## PURSUANT TO LOCAL COURT RULE 8(c) (3) (II)

(a) OTHER THAN STATED ABOVE, ARE THERE ANY PENDING OR PREVIOUSLY DISCONTINUED OR DISMISSED COMPANION CASES (cases in which it appears substantially similar evidence will be offered at trial or the same or related parties are present and the cases arise out of the same transaction or occurence) IN THIS OR ANY OTHER COURT, INCLUDING STATE COURT? ____ YES __X__ NO

(b) IF **YES** GIVE THE FOLLOWING INFORMATION:

COURT: ____________________ CASE NO: ____________________

ASSIGNED JUDGE: ____________________